## SYLLABI

No. 17445. The Columbus Packing Co. v. The state, ex rel. Hugo N. Schlessinger, et al.

Error to the Court of Appeals of Franklin County.

FOOD PRODUCTS (1) Storage of pork over six months, not per se, an offense—(2) Pure food and anti-trust laws, differentiated—(3) Error to order of search and seizure, when.

### JONES, J.

1. The mere storage of pork loins by a storage company for a period of more than six months, under the provisions of the cold storage act, Section 1155-13, General Code (107 O. L. 596), is no per se a violation of Section 13 of that act.

2. The cold storage act and the Valentine anti-trust law, Section 6390 et seq., General Code, are distinct in purpose, employ different remedies and provide different penalties for offenses committed. They should not be so construed in pari materia, as to employ the remedies of one for the prosecution of the other. The storage of food products by a cold storage company for a period of six months does not ipso facto, violate the Valentine act, without other proof of some combination or acts or unlawful agreement entered into by two or more. (Columbus Packing Co. v. State, ex rel. Schlessinger, Pros. Atty., 100 Ohio St., 285, overruled.)

3. Under the facts presented, where the action and controversy involved the res. or right of property, it was error for the court, on application of the plaintiff and before trial on the merits, to order the seizure and sale of such property by provisional orders, where such seizure and sale would render ineffectual, a judgment thereafter obtained after trial.

Judgment reversed.

Marshall, C. J., Hough, Robinson and Clark, JJ., concur. Wanamaker, J., dissents.

---

No. 17323. Irma P. Hopper v. Jennie M. Nicholas.
Error to the Court of Appeals of Lake county.

WILLS—(1) Participation in proceedings to probate in another state, and receiving benefits thereunder an estoppel—(2) Records of adjudication in another state, given faith and credit as a matter of comity.

### CLARK, J.

1. When a proceeding to probate a will is pending in another state, in a court of record, authorized by law to adjudicate the questions arising therein, and one fact necessary to establish the jurisdiction of the court is finding that the residence of the deceased was at death within the territorial jurisdiction of such court, and a person interested in such estate as an heir of the deceased, and a devisee under the will proposed to be probated, enters appearance in such proceeding, admits the jurisdictional fact, consents to adjudication, participates thereafter in the proceedings and receives benefits thereunder, such person and those claiming through and under him are estopped by the judgment therein.

2. Records of adjudication by a court of record of another state, authenticated as by law provided, has such faith and credit given it in the courts of the State of Ohio as it has by law or usage in the courts of the state where adjudication was had.

Judgment affirmed.

Marshall, C. J., Wanamaker, Robinson, Jones and Matthias, JJ., concur. Hough, J., dissents.

No. 17275. John Schulte v. Dora Johnson.
Error to the Court of Appeals of Hamilton county.

COURTS—Jurisdiction of superior court of Cincinnati—(2) In personal injury cases, sets as a court of general jurisdiction—(3) In such courts, ordinance must be plead and proven.

### HOUGH, J.

1. The superior court of Cincinnati is a creature of legislative enactment, and its jurisdiction is defined in Chapter 5, Title IV, Part First, General Code. It is a court of general jurisdiction for many purposes, differing in its jurisdiction from the court of common pleas only in territorial limitation.

2. In the trial and determination of a personal injury case for damages, grounded on negligence, the superior court of Cincinnati, when the subject-matter and parties are properly before it, sits as a court of general jurisdiction.

3. Courts of general jurisdiction do not take judicial notice of municipal ordinances, and the litigant relying upon such ordinances must plead it, and offer it in evidence as other evidential matters.

Judgment reversed.

Hough, Robinson, Jones, Matthias and Clark, JJ., concur. Wanamaker, J., dissents.